Filed 2/21/14  P. v. Vedder CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B245975 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA091679) |
| v. | |
| HARRY JAMES VEDDER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Gary J. Ferrari and Laura L. Laesecke, Judges.  Modified and affirmed with directions.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, and Yun K. Lee, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Harry James Vedder appeals from the judgment entered following a jury trial in which he was convicted of resisting an executive officer, in violation of Penal Code section 69.[1]

Defendant requests that we review in camera proceedings the trial court conducted after granting his motion for peace officer discovery pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). After reviewing the record, we conclude the trial court did not err in relation to that motion.

Defendant also contends the trial court miscalculated his pretrial credits by failing to apply the correct version of section 4019. The Attorney General agrees, as do we. Accordingly, we modify the judgment by increasing defendant's pretrial credits.

## BACKGROUND

Defendant was charged with resisting an executive officer, in violation of section 69, based upon an incident at a Doubletree Hotel on the night of March 17, 2012. Because the issues raised on appeal are completely independent of the evidence presented at trial, we need not summarize that evidence.

The jury convicted defendant of resisting an executive officer. Defendant admitted allegations that he had two prior serious or violent felony convictions within the scope of the "Three Strikes" law and had served six prior prison terms within the scope of section 667.5, subdivision (b).

The court sentenced defendant to an aggregate term of 12 years in prison.

## DISCUSSION

### 1. Review of in camera *Pitchess* proceedings

Defendant filed a motion seeking discovery of identifying information regarding everyone who accused four named officers of "bias and dishonesty, including, but not limited to lying, filing false police reports, fabricating admissions, confessions, or other evidence of perjury, theft, fraud, misrepresentation, or malfeasance" or was interviewed

---

[1] Undesignated statutory references pertain to the Penal Code.

2

in connection with such an accusation. Judge Ferrari granted the motion with respect to two of the officers as to "truth and veracity only." The court conducted an in camera review of complaints produced by the custodian of records for the Los Angeles Police Department and found no relevant complaints against either officer.

Defendant requests that this court review the record of the in camera proceedings to determine whether the trial court ordered disclosure of all responsive material. We have done so and determine that the trial court made a proper record (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229) and properly exercised its discretion (*People v. Jackson* (1996) 13 Cal.4th 1164, 1220). There was nothing to disclose regarding either officer.

## 2.     Miscalculation of pretrial credits

Judge Laesecke awarded defendant 363 days of pretrial credits, consisting of 242 days of actual custody and 121 days of conduct credit. The court stated it was applying "the old version of the custody credit" statute because "he has strike priors."

Defendant contends, and the Attorney General aptly concedes, that the trial court erred by failing to apply section 4019 as amended by the Criminal Justice Realignment Act of 2011. That version of section 4019 applies to defendants who committed their crimes on or after October 1, 2011. (§ 4019, subd. (h).) It provides for two days of conduct credit for every two days spent in actual custody. (§ 4019, subds. (b), (c), (e), (f).) The parties agree defendant was entitled to 242 days of conduct credit, not 121.

The Attorney General further notes that defendant was entitled to one additional day of actual custody, that is, 243 days, not 242. This additional day does not increase the conduct credit under the statutory formula.

Accordingly, we modify the judgment by correcting defendant's pretrial credit award to a total of 485 days, consisting of 243 days for actual custody and 242 days of conduct credit.

## DISPOSITION

The judgment is modified by correcting the award of pretrial credits to a total of 485 days, consisting of 243 days for actual custody and 242 days of conduct credit. As modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect this modification and forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


MILLER, J.*

We concur:


ROTHSCHILD, Acting P. J.


CHANEY, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.